# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STEVEN J. WOLK,**

        **Plaintiff,**

**-vs-**                                          **Case No. 6:05-cv-1722-Orl-18KRS**

**SEMINOLE COUNTY, FLORIDA,**
**DONALD F. ESLINGER,**
**SARA L. KLEIN,**
**RICHARD DICKENS,**
**CHARLES K. HILTON,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND FOR SANCTIONS (Doc. No. 40)[1]**
>
> **FILED:**      **January 5, 2007**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

This case arises from the arrest and temporary incarceration of Plaintiff Steven J. Wolk on November 23, 2001, on the charge of simple battery arising from a domestic disturbance. Defendants

---

[1] In the body of the motion, Wolk also seeks an order requiring Eslinger to appear for a deposition. Because no deposition had been noticed as of the date of filing of the motion, a motion to compel such a deposition is not ripe for consideration. Wolk may file a motion to reopen discovery for the limited purpose of taking Eslinger's deposition.

Sara L. Klein, Richard Dickens, and Charles K. Hilton, who are Deputy Sheriffs in Seminole County, Florida, participated in Wolk's arrest. Wolk contends that Klein, Dickens, and Hilton, individually and in their official capacities as Deputy Sheriffs, Donald F. Eslinger, individually and in his capacity as Sheriff of Seminole County, Florida, and Seminole County, Florida (County), violated his constitutional rights by falsely arresting and imprisoning him without probable cause. Wolk is an attorney who is representing himself in this case.

Wolk propounded interrogatories to Eslinger. He now seeks an order compelling Eslinger to provide more complete responses. I will address the interrogatories at issue by categories.

1.   Training Materials.

In interrogatories 2, 3, and 4, Wolk seeks information about training and publications Eslinger has received. Eslinger objected to these interrogatories as overbroad, among other reasons. Eslinger's objection is well taken. In interrogatory 7, Wolk seeks information about changes in the training of Deputy Sheriffs after November 23, 2001, the date of Wolk's arrest. As quoted in the motion, interrogatories 2 and 3 are not limited by time. None of these interrogatories are limited to training or publication specifically addressing the issues in this case. Accordingly, the motion to compel a further response to interrogatories 2, 3, 4, and 7 is **DENIED**.

In interrogatories 5 and 6, Wolk seeks information about the training received by Deputy Sheriffs as of November 23, 2001. Eslinger responded that the training manual for new deputies in effect on November 23, 2001, would be produced for inspection. In interrogatories 8 and 9, Wolk seeks information about the training of Defendants Klein, Dickens, and Hilton. Eslinger responded that these deputies' training files would also be produced for inspection.

Wolk contends that referring to documents as opposed to answering the interrogatories under oath is improper. However, as Eslinger correctly argues, Federal Rule of Civil Procedure 33(d) permits a party to rely upon business records in response to interrogatories when "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." In this case, Eslinger contends that the best evidence of the training Deputy Sheriffs received is found in the training manual for new deputies and the training files for Defendants Klein, Dickens, and Hilton. Wolk offers no evidence that the training files are voluminous, or any reason to believe that he cannot ascertain the answer to the interrogatories from review of the files as easily as could Eslinger. Because reference to the training materials is consistent with Rule 33(d), the motion to compel a further response to interrogatories 5, 6, 8, and 9 is **DENIED.**

    2.    <u>Information About the Present Case</u>.

In interrogatory 11, Wolk asked Eslinger to identify any writings related to the subject matter of the present case. Eslinger responded by referring Wolk to his initial disclosures. In interrogatories 12, 13, and 14, Wolk asked for policies and procedures of the Sheriff's Office related to arrests in domestic violence situations. Eslinger identified the policies, and revisions thereof, by title, and indicated that they were available for inspection. These responses were appropriate under Rule 33(d), for the reasons given above. Therefore, the motion to compel a further response to interrogatories 11, 12, 13, and 14 is **DENIED.**

In interrogatory 15, Wolk inquires about any custom, policy, or practice of the Sheriff's Office with respect to responding to a report of domestic violence that was withdrawn or retracted before Deputy Sheriffs arrived at the scene, and for Eslinger to give the rationale behind the policy. In

interrogatory 16, Wolk asks Eslinger to identify any writings that relate or refer to such custom, policy, or practice. Eslinger asserted various objections but answered that "when a 911 call was received by the Sheriff's Office, it would respond to the call." Doc. No. 40 at 9. He indicated that there were no writings responsive to interrogatory 16. It is unclear from the motion what further information Wolk seeks, as these responses address the interrogatories as written. Accordingly, the motion to compel a further response to interrogatories 15 and 16 is **DENIED**.

    3.    <u>Other Incidents</u>.

In interrogatory 17, Wolk seeks information regarding alleged incidents of domestic violence that the Sheriff's Office responded to in 2001 and 2002. Eslinger objected that the interrogatory was irrelevant and overbroad, indicating that incidents of domestic violence that occurred after November 23, 2001, when Wolk was arrested, are not relevant.

Wolk's causes of action against the County and individuals in their official capacities must be supported by a showing that actions were taken pursuant to an official policy, practice, or custom. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). As such, the way in which the Sheriff's Office responded to other alleged incidents of domestic violence is relevant to Wolk's causes of action. In response to the motion, Eslinger asserted that the information sought would be voluminous. He provided no affidavit or other evidence in support of that assertion, which would be necessary to support a objection based on burdensomeness of complying with the request. *See Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998). Eslinger also provided no evidentiary support or rationale for limiting the interrogatory to 911 calls. Accordingly, the motion to compel a further response to

interrogatory number 17 is **GRANTED**.  Eslinger shall serve a supplemental sworn response to the interrogatory on Wolk on or before February 16, 2007.

In interrogatory 18, Wolk asks Eslinger to identify all complaints made against him or anyone within the Sheriff's Office for illegal or improper arrests for the period of 1999 through 2006. Eslinger has objected to the interrogatory as irrelevant and overbroad.  Nevertheless, he indicated that all complaints of false arrest for the years 1999 through 2001 were available for inspection.

Wolk alleges in the complaint that Eslinger, in his official capacity, and the County, instituted a policy with regard to complaints of possible domestic violence that an arrest should be made irrespective of whether probable cause for the arrest existed.  Doc. No. 1 ¶ 20.  Interrogatory 18 seeks information well beyond complaints of possible domestic violence.  As such, Eslinger's objection that the request is overbroad is well founded.  To the extent that Eslinger has produced complaints for Wolk's inspection, this response is sufficient under these circumstances pursuant to Rule 33(d). Therefore, the motion to compel a further response to interrogatory 18 is **DENIED.**

Wolk also seeks an award of expenses, including his customary hourly rate for his work as a lawyer. Federal Rule of Civil Procedure 37(a)(4)(C) provides that when a motion to compel is granted in part and denied in part, the Court may apportion the reasonable expenses incurred in relation to the motion among the parties in a just manner.  Wolk presented no law supporting an award of attorney's

fees to a lawyer who is representing himself in a case. Because the actual costs Wolk incurred in making the motion are minimal, and the motion to compel was denied in large part, I find that an award of expenses is not appropriate.

**DONE** and **ORDERED** in Orlando, Florida on January 31, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties