# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STEVEN J. WOLK,

**Plaintiff,**

-vs-                                               **Case No. 6:05-cv-1722-Orl-18KRS**

SEMINOLE COUNTY, FLORIDA,
DONALD F. ESLINGER,
SARA L. KLEIN,
RICHARD DICKENS,
CHARLES K. HILTON,

**Defendants.**

---

## ORDER

THIS CAUSE comes before the Court on Defendant Seminole County, Florida's Motion

for Summary Judgment (Doc. 57. filed February 12, 2007). to which Plaintiff has responded in

opposition. (Doc. 70. filed March 14, 2007.)  Plaintiff Steven J. Wolk ("Plaintiff") brings this

action against: (1) Seminole County. Florida ("Defendant" or "the County"): (2) Donald F.

Eslinger ("Sheriff" or "Eslinger"). individually and in his official capacity as Sheriff of

Seminole County, Florida: and (3) Sara L. Klein, Richard Dickens, and Charles K. Hilton

(collectively, "the Deputies"). individually and in their official capacities as Deputy Sheriffs of

the Seminole County Sheriff's Office.  This Motion for Summary Judgment is brought solely

by Defendant Seminole County, Florida.  This Court previously dismissed the claim against the

Deputies in their official capacities.  (Doc. 28, filed April 10. 2006.)  This Court also granted

summary judgment as to Defendants Hilton, Dickens and Eslinger on both counts. and as to

Defendant Klein for Count II .  (Doc. 60. filed February 16, 2007.)  Motion for summary

judgment for Count I was denied as to Defendant Klein. (Id.) After reviewing the motions and memoranda provided by each party, the Court grants the Motion for Summary Judgment as to Defendant Seminole County, Florida.

## I. BACKGROUND

As this Court pointed out in its previous Summary Judgment Order, most of the facts pertaining to this case are undisputed:

On November 23, 2001, at approximately 11:30 a.m., Deputies Klein and Dickens were dispatched to a Maitland, Florida, residence in response to a 911 call. Deputy Klein was training Deputy Dickens and they were riding in the same patrol car. Deputy Hilton responded as well, as back-up. Plaintiff resided at the residence with his parents; Plaintiff's sister, Gina L. Wolk ("Gina"), was visiting from Dallas, Texas. Plaintiff and his sister had an argument regarding their father's health care which resulted in Gina dialing 911. The parties are in slight disagreement as to whether Gina gave any information to the 911 dispatcher, or instead immediately hung up before relaying any information regarding the argument with her brother. (See Doc. 30 at 5; Doc. 36 at 4.) Regardless, the Deputies responded to the call as a result.

Upon arriving at the Wolk residence, Deputy Klein spoke with Gina, while Deputy Hilton spoke with Plaintiff, about the argument. Thereafter, Deputy Klein also spoke with Plaintiff about what had happened. Deputy Klein claims that Plaintiff told her that "he had pushed Gina's hands out of his face defensively." (Doc. 30 at 5.) Plaintiff, however, claims that he "at no time 'slapped' [Gina's] hands or any other part of [Gina], or at any time said that he had 'slapped' her hands." (Doc. 36 at 4.) Plaintiff also asserts that Gina "specifically told

Deputy Klein that there had been no physical contact" between her and Plaintiff. (Id.) Deputy

Klein, based on her conversation with Plaintiff, arrested him for battery in violation of Fla. Stat.

§ 784.03(1)(a).[1] Deputy Klein transported Plaintiff to Seminole County Jail where he was

incarcerated until posting a cash bond at approximately 4 p.m. on November 24, 2001. Plaintiff

received a letter approximately two weeks later stating that the State Attorney's Office was not

going to pursue the case.

Deputy Klein has stated that the "decision to arrest Plaintiff was made solely by [her]

and she did not consult either Deputy Dickens or Deputy Hilton prior to making that decision."

(Doc. 30 at 6; see Klein Aff. ¶ 10.)

Plaintiff has brought two causes of action before the Court relating to his arrest by the

Seminole County Sheriff's Office after a call was placed to 911 on November 23, 2001. The

first cause of action alleges a deprivation of Plaintiff's civil rights brought pursuant to 42 U.S.C.

§ 1983. Plaintiff claims the action arises under the Fourth and Fourteenth Amendments of the

United States Constitution, and alleges that he was falsely arrested and incarcerated without

probable cause. The second cause of action is for a declaratory judgment declaring a policy

pursued by the Seminole County Sheriff's Office to be unconstitutional and for an injunction

prohibiting officials within the County from further pursuing the policy. Plaintiff alleges that

the County's policy relating to domestic disturbance calls made to 911 is unconstitutional

---

[1]Fla. Stat. § 784.03(1)(a) states:
   The offense of battery occurs when a person:
   1. Actually and intentionally touches or strikes another person against
   the will of the other; or
   2. Intentionally causes bodily harm to another person.

because it requires an arrest to be made, regardless of whether probable cause exists for the arrest.

## II. DISCUSSION

### A. Summary Judgment Standard

A court will grant summary judgment if "the pleadings, depositions," answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for

-4-

trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not

significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50.

Similarly, summary judgment is mandated against a party who fails to prove an essential

element of its case. Celotex, 477 U.S. at 322.

### B. Count I - Deprivation of Civil Rights under Section 1983

Plaintiff filed suit under 42 U.S.C. § 1983, alleging that his arrest and day-long

incarceration violated his constitutional rights under the Fourth and Fourteenth Amendments

to the United States Constitution. Although section 1983 is not a source of substantive rights,

it provides a conduit by which aggrieved parties may recover against those who have violated

their rights under federal law. See 42 U.S.C. § 1983; see also Skinner v. City of Miami, 62 F.3d

344, 347 (11th Cir. 1995). Plaintiff asserts that he was arrested without probable cause, and

subsequently falsely imprisoned for a period of more than 24 hours as a result of his arrest.

Plaintiff's claim implicates the "Fourth Amendment's guarantee against unreasonable searches

and seizures," which "encompasses the right to be free from arrest without probable cause."

Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004).

Under Monell v. Department of Social Services, 436 U.S. 658 (1978), municipalities are

subject to section 1983 liability "when execution of a government's policy or custom, whether

made by its lawmakers or by those whose edicts or acts may fairly be said to represent official

policy, inflicts the injury." Id. at 694. "Furthermore, municipalities cannot be held liable for

employees under *respondeat superior*." Mercado v. City of Orlando, 407 F.3d 1152, 1161 (11th

Cir. 2005); see also Skop v. City of Atlanta, No. 06-14294, 2007 U.S. App. LEXIS 10341, at

\*37 (11th Cir. May 3, 2007) ("But it is by now axiomatic that in order to be held liable for a §

1983 violation, a municipality must be found to have <u>itself</u> caused the constitutional violation

at issue; it cannot be found liable on a vicarious liability theory.") Therefore, Plaintiff can only

succeed on his section 1983 claim against the County by showing that his arrest and

imprisonment were the result of the County's unlawful "policy or custom." <u>Monell</u>, 365 U.S.

at 694. "A policy is a decision that is officially adopted by the municipality, or created by an

official of such rank that he or she could be said to be acting on behalf of the municipality."

<u>Sewell v. Town of Lake Hamilton</u>, 117 F.3d 488, 489 (11th Cir. 1997). "A custom is a practice

that is so settled and permanent that it takes on the force of law." <u>Id.</u>  Plaintiff has failed to

demonstrate to this Court that such a "policy or custom" existed.

This Court will look back to its previous Order granting summary judgment to Deputies

Hilton, Dickens and Eslinger, and denying Summary Judgment to Deputy Klein as to Count I:

> In the present situation, Plaintiff has brought nothing before this Court to
> indicate that Sheriff Eslinger, or the Seminole County Sheriff's Office, or
> Seminole County itself, has instituted any kind of policy that would require law
> enforcement officers to effectuate an arrest every time they are dispatched due
> to a 911 call. Plaintiff has no evidence supporting his claim of a "custom" or
> "policy" whatsoever. Plaintiff was informed of this "policy" by a "friend of our
> maintenance man" [who] Plaintiff met one night and who told Plaintiff "that
> was how the different law enforcement agencies were handling domestic
> violence calls now." (Pl. Dep. at 127.) Such a flimsy claim cannot survive
> summary judgment.

(Doc. 60 at 11.) Plaintiff has yet to bring any evidence before this Court of such a custom or

policy that requires Deputies to effectuate an arrest every time a 911 call is place in a domestic

violence dispute. Lacking evidence of any kind, this Court must grant summary judgment to

Seminole County as to Count I.

*C. Count II - Declaratory Judgment and Injunction Based on Unconstitutional Policy*

This Court need not go into the requirements necessary for Plaintiff to be granted either a declaratory judgment or injunction based on the alleged unconstitutional policy perpetrated by the County[2], because Plaintiff has not presented any evidence that such a policy existed at all. Furthermore, the County presented evidence that it has "no policy requiring the Sheriff or his deputies to arrest participants in a domestic violence dispute irrespective of the existence of probable cause for such an arrest." (Coto Aff. ¶ 6.) Again, Plaintiff has done nothing to refute this evidence.

As a result of the complete lack of evidence provided by Plaintiff as to any unconstitutional policy implemented by the County, summary judgment is granted to Seminole County as to Count II as well.

---

[2]The County, in its Motion for Summary Judgment, sufficiently outlines the requirements necessary for a claim for a temporary injunction. (See Doc. 57 at 12-14.) The Court notes that Plaintiff has neither shown "substantial likelihood of success on the merits" nor shown that "irreparable injury will be suffered unless the injunction issues," the first two requirements for injunctive relief. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

### III. CONCLUSION

For the foregoing reasons. Defendant Seminole County's Motion for Summary Judgment is **GRANTED**.  Defendant Seminole County also filed an Unopposed Motion for Leave of Court to File Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment. (Doc. 73, filed March 16. 2007.) This Unopposed Motion is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Orlando, Florida on this ____17____ day of May. 2007.

**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties